**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101-0652
Telephone: (973) 622-4444
AS-7203

**SCHANER & LUBITZ, PLLC**
6931 Arlington Road, Suite 200
Bethesda, MD 20814
Telephone: (240) 482-2849

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL J. FOX FOUNDATION FOR PARKINSON'S RESEARCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> CORIELL INSTITUTE FOR MEDICAL RESEARCH, INC., <br><br> Defendant. | **COMPLAINT** <br><br> Civil Case No. <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, the Michael J. Fox Foundation for Parkinson's Research, Inc. ("MJFF"), a Delaware corporation with a principal place of business in New York, New York and a mailing address at Grand Central Station P.O. Box 4777, New York, NY 10163-4777, by and through undersigned counsel, states the following:

## Introduction

1. This is a complaint for damages against Defendant, the Coriell Institute for Medical Research, Inc. ("Coriell"), a New Jersey corporation with a principal place of business at 403 Haddon Avenue, Camden, New Jersey 08103. As explained more fully below, Coriell's breaches of contract and failure to safeguard goods entrusted to it have caused significant damage to MJFF. Coriell, for a significant fee, stores biospecimens for two MJFF sponsored projects aimed at facilitating identification of the causes of Parkinson's disease ("PD"). On or about March 28, 2014, the door to a freezer housing some of the biospecimens at Coriell was left open, causing spoliation of a large number of them and significantly damaging MJFF's efforts to assist scientific researchers in the search for the cause(s) of PD.

## Jurisdiction and Venue

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.

3. This Court has personal jurisdiction over the Defendants because Defendant resides within this district and the acts giving rise to this Complaint took place within this district.

4. This Court has venue over this action pursuant to 28 U.S.C. § 1391(b), because Defendant resides in this District, a substantial portion of the events and omissions giving rise to Plaintiff's claim occurred in this District and a substantial part of the property that is the subject of this action is located in this district.

ME1 18999760v.1

## Parties

5.	Plaintiff, MJFF, is a corporation organized under the laws of Delaware with a principal place of business in New York, New York and a mailing address at Grand Central Station P.O. Box 4777 New York, NY 10163-4777. MJFF has a charitable and scientific mission to advance research into, and find the causes of, and cures for, PD.

6.	Defendant, Coriell, is a corporation organized under the laws of New Jersey with a principal place of business at 403 Haddon Avenue, Camden, New Jersey 08103. Coriell stores and processes biospecimens for clients such as MJFF in return for a fee.

## Facts

7.	PD is a chronic, progressive disorder of the nervous system. There is no known cure for PD at this time.

8.	In furtherance of its mission, MJFF sponsors scientific research projects, inter alia, involving the extraction, storage and distribution of human fluids, such as blood and cerebrospinal fluid ("CSF"), to research scientists working on identifying the cause(s) of PD. These fluids are useful to PD researchers in that their analysis may lead to identification of the biochemical cause(s) of PD.

9.	Two MJFF-sponsored scientific research projects involving collection of blood and CSF (the "Studies") are the Parkinson's Progression Markers Initiative ("PPMI") and the LRRK2 Cohort Consortium studies ("LRRK2"). The Studies are designed so that the fluid samples of each individual patient may be compared and contrasted, over time, by participant, and with the fluid samples of other participants in the studies.

3

10. The period during which human fluids samples are to be collected for the PPMI and LRRK2 studies will be five years for each study. During these five-year periods, fluid samples are collected from volunteer participants at regular intervals by professional health care providers and then transmitted to biorepositories, including Coriell, for storage, processing and then distribution to scientific researchers working on projects to identify the cause(s) of PD. It is intended that the fluid samples may be analyzed so that researchers can identify correlations in changes over time to the composition of participant fluid samples.

11. PPMI commenced collection of fluids from participants in June 2010. PPMI will include samples from approximately 2,000 participants. Through the end of March, 2014, MJFF expended approximately $37.3 million on the PPMI study.

12. LRRK2, which studies patients with mutations to a particular gene known as LRRK2, is a smaller study and complementary to PPMI. Through the end of March, 2014, MJFF expended approximately $17.8 million on the LRRK2 study.

13. MJFF and Coriell entered into two written contracts (the "Contracts"), one relating to PPMI and the other relating to LRRK2, for Coriell's receipt, storage, processing and transfer of PPMI and LRRK2 blood and CSF (the "Biospecimens") to research scientists. The PPMI contract was executed by MJFF and Coriell on April 21 and 22, 2010. The LRRK2 contract was executed by Coriell and MJFF on March 25 and April 8, 2011. The total dollar value of the two contracts is slightly in excess of $4.3 million. Through the end of March, 2014, Coriell received slightly more than a total of $3.5 million from MJFF for Coriell's PPMI and LRRK2 services.

14. Both Contracts obligated Coriell to store and safeguard the Biospecimens in good condition and provide that Coriell assumes **all risk of loss** associated with the processing, storing, handling, distribution and disposition of the Biospecimens, beginning immediately upon their

ME1 18999760v.1

delivery to Coriell and continuing until the Biospecimens no longer are in the possession of Coriell.

15. To be useful for the purposes intended, the Biospecimens must be stored in a freezer at a temperature of around minus 80 degrees Celsius. Coriell maintains the Biospecimens in freezers at its premises in Camden, New Jersey.

16. On March 28, 2014, one or more Coriell employees discovered that the door to a freezer (the "Freezer") at Coriell had been left open for an undetermined period of time, causing many of the Biospecimens in the Freezer to thaw and all of the Biospecimens in the Freezer to be compromised in terms of their utility for the Studies. Once the Biospecimens have thawed and/or are compromised, they are no longer useful to MJFF or PD scientific researchers seeking the cause(s) of and cures for PD. On information and belief, there were 25,905 Biospecimen tubes in the Freezer.

17. Loss of the Biospecimens in the Freezer negatively affects the value and utility of the Studies.

18. Loss of the Biospecimens in the Freezer has caused and will cause delay in the Studies.

19. The Biospecimens in the Freezer were obtained at a substantial cost. Replacement of those samples will cost an additional substantial amount.

## Count 1 – Breach of Contract

20. Plaintiff incorporates and hereby restates each and every allegation set forth in Paragraphs 1-19 of this Complaint.

21. Plaintiff and Defendant entered into contracts for the storage of and services related to the Biospecimens.

ME1 18999760v.1

22. Plaintiff has performed all of its obligations pursuant to the contracts.

23. Defendant breached the contracts by failing to store and maintain the Biospecimens in good and useable condition.

24. Defendant's breaches caused damage to Plaintiff well in excess of $75,000.

## Count 2 – Violation of N.J.S.A. 12:A7-204

25. Plaintiff incorporates and hereby restates each and every allegation set forth in Paragraphs 1-24 of this Complaint.

26. Plaintiff entrusted goods, namely, the Biospecimens, to Defendant.

27. Defendant accepted receipt of the goods.

28. Defendant failed to exercise reasonable care in the storage and maintenance of the goods.

29. Under the terms of the agreement regarding the storage and maintenance of the goods, Defendant bore all risk of loss.

30. The goods were lost or injured while in the possession of Defendant.

31. The value of the goods lost or injured is well in excess of $75,000.

## Request for Relief

Plaintiff requests damages in an amount to be determined at trial, interest, and costs, and such other relief as this Court deems appropriate.

<u>Jury Trial Demanded</u>

     Plaintiff demands a jury trial.

_/s/ Adam N. Saravay_
Adam N. Saravay
McCarter & English, LLP
4 Gateway Center
100 Mulberry St.
Newark, NJ 07102
Telephone: (973) 639-2023

David M. Lubitz
Schaner & Lubitz, PLLC
6931 Arlington Road, Suite 200
Bethesda, MD 20814
Telephone: (240) 482-2849
(application to appear pro hac vice to be submitted)

Dated: October 3, 2014

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that to the best of his knowledge and information, the matter in controversy is not currently the subject of any other pending court action or arbitration proceeding.

DATED: October 3, 2014

*[signature]*

Adam N. Saravay
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Tel. (973) 622-4444
Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1(d)(3)

Pursuant to Local Civil Rule 201.1(d)(3), the undersigned hereby certifies that to the best of his knowledge and information, the damages recoverable in this matter exceed the sum of $150,000 exclusive of interest and costs and punitive damages.

DATED: October 3, 2014

*[signature]*

Adam N. Saravay
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Tel. (973) 622-4444
Attorneys for Plaintiff